# IN THE COURT OF APPEALS OF IOWA

No. 18-1062
Filed August 15, 2018

**IN THE INTEREST OF J.H.,**
**Minor Child,**

**J.M., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Geneva L. Williams of Williams Law Office, PLLC, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.

Julie Gunderson Trachta of Linn County Advocate, Cedar Rapids, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

The mother appeals the district court's termination of her parental rights to her son, J.H. She argues the statutory grounds for termination were not met, termination was not in J.H.'s best interests, and she should have additional time for reunification. We agree with the district court and affirm.

J.H. was born in August 2017. The family came to the attention of the Iowa Department of Human Services (DHS) because J.H. and the mother tested positive for methamphetamine at J.H's birth. J.H. was then removed from parental care but remained in the hospital, showing signs of drug withdrawal. A week later, he was released from the hospital and placed with a foster family, where he remained for the duration of these proceedings. He was adjudicated a child in need of assistance (CINA), and the DHS offered several services to the family, including services to assist with mental health, substance abuse, and life skills.

The mother has a history of mental health issues, including schizophrenia. Hannah Shaffer, who provided services to the parents, testified some of the mother's actions showed "a loss of reality":

> [The mother] had made a comment to another worker that . . . she had saved them from gang wars that were put on by the government. That she had pencils in her hat that were protecting her from her thoughts being read by the government. . . . I think one of the most alarming ones for me was that she had intended to give [J.H.] a pill that was previously known as meth but is now called phase four, to get him involved in a government study or experiment, as she put it.

The mother has refused a substance-abuse evaluation and mental-health treatment.

The mother lives with J.H.'s father, who also has mental-health issues, including mild cognitive disorder due to a traumatic brain injury, and who has

borderline intellectual functioning. He admitted to daily use of marijuana—which he intends to continue—and his legal history includes multiple felonies. The parents were homeless for about three months after J.H.'s birth. The DHS offered the parents two visits with J.H. per week, and they have attended sixty-two of eighty-five offered visits.

On May 11, 2018, the district court held a hearing on the termination of the parents' rights to J.H. On June 4, the court terminated the parents' rights under Iowa Code section 232.116(1)(h) and (*l*) (2018). The mother appeals.[1]

We review termination proceedings de novo, giving weight to but not being bound by the district court's factual findings. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "There must be clear and convincing evidence of the grounds for termination of parental rights." *Id.* Our primary consideration is the best interests of the child. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012).

In order to terminate parental rights, the court must determine if a ground for termination under section 232.116(1) has been established. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *A.B.*, 815 N.W.2d at 774. The court may terminate a parent's rights under paragraph (h) when the court finds all of the following have occurred:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months,

---

[1] The father does not appeal the termination of his parental rights.

or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

It is undisputed J.H. is less than three years old, has been adjudicated CINA, and has been removed from the parents' custody for at least six of the last twelve months. Iowa Code § 232.116(1)(h)(1)–(3). The remaining question is whether J.H. could be returned to the mother's care at the time of the termination hearing. *Id.* § 232.116(1)(h)(4); *see In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (indicating the statutory language "at the present time" refers to the termination hearing).

The mother has displayed concerning behaviors due to her untreated mental illness. She has also refused to address the substance-abuse problems that caught the attention of the DHS. Her mental-health and substance-abuse issues would create significant risks if J.H. were placed in her care. Additionally, the mother lives with the father, who has his own serious health and substance-abuse problems, and they have struggled to find suitable housing. This presents clear and convincing evidence J.H. could not be returned to the mother's care at the time of the termination hearing. Accordingly, we agree the statutory grounds for termination were proven by clear and convincing evidence under Iowa Code section 232.116(1)(h).

When a statutory ground for termination is established, the court must also decide if termination is in the best interests of the child. Iowa Code § 232.116(2). The mother asserts she acted appropriately during visitations and the service providers testified they never observed physical safety concerns during the visitations. However, for many of the reasons explained above, including the

mother's untreated mental-health and substance-abuse problems and the unsettled home environment, we find termination of her parental rights is in J.H.'s best interests.

Finally, the mother requests additional time to pursue reunification.[2] Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Removal here was largely due to the mother's mental-health and substance-abuse problems, which she has refused to treat. Accordingly, the record does not support a finding that the need for removal will no longer exist in six months, and the district court was correct in denying the same. *See In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011) ("We will not gamble with a child's future by asking him to continuously wait for a stable biological parent, particularly at such a tender age.").

**AFFIRMED.**

---

[2] The mother notes reasonable efforts to reunite the family must be provided before parental rights must be terminated. We agree. *See* Iowa Code §232.102(9) (requiring the State to make "every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). However, the mother does not specify what services were not provided nor contend the issue was raised before the juvenile court. *See In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) (noting the parent "had the obligation to demand other, different or additional services prior to the termination hearing").